UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

BILLY JOE PAIGE #211567,  )
                                                  )
            Plaintiff,    )    Case No. 2:06-cv-12
                                                  )
v.                                             )    HON. R. ALLAN EDGAR
                                                  )
UNKNOWN HARRIS, et al.,  )
                                                  )    **OPINION**
            Defendants.  )
                                                  )

       This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff has paid the initial partial filing fee. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996) ("PLRA"), the court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 42 U.S.C. § 1997e(c); 28 U.S.C. §§ 1915(e)(2), 1915A. The court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 595 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33, 112 S. Ct. 1728, 1733 (1992). Applying these standards, the court will dismiss Plaintiff's complaint for failure to state a claim.

### Discussion

**I.      Factual Allegations**

Plaintiff Billy Joe Paige, an inmate at the Alger Maximum Correctional Facility (LMF), filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Lieutenant Unknown Harris, Lieutenant B. Hursh, and Unknown Parties. Plaintiff claims that he was placed on a temporary food loaf restriction on December 4, 2005, to last until December 7, 2005. However, Plaintiff was never issued a misconduct ticket for "keeping the food lid," nor was Plaintiff given a copy of the restriction. Plaintiff states that an arbitrary placement on food loaf without an accompanying misconduct ticket violates MDOC policy. Plaintiff claims that the food loaf restriction violated his rights under the Eighth and Fourteenth Amendments. Plaintiff seeks equitable relief.

**II.     Failure to state a claim**

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993), *cert. denied*, 510 U.S. 1177, 114 S. Ct. 1218 (1994). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 2255 (1988); *Street v. Corrections Corp. of America*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271, 114 S. Ct. 807, 811 (1994).

Plaintiff's Eighth Amendment claim regarding the food loaf restriction fails. The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981). The Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Id.* at 348. With regard to food, prisoners must receive adequate nutrition to maintain normal health; the food need not be tasty or aesthetically pleasing. *See Cunningham v. Jones*, 567 F.2d 653, 659-60 (6th Cir. 1977). The Sixth Circuit has repeatedly held that a diet of food loaf does not violate the Eighth Amendment because nutritional and caloric requirements are met. *See, e.g.*, *Payton-Bey v. Vidor*, No. 94-2472, 1995 WL 603241, at *1 (6th Cir. Oct. 12, 1995); *Hinton v. Doney*, No. 93-2050, 1994 WL 20225, at *2 (6th Cir. Jan. 26, 1994); *Boswell v. Meyers*, No. 89-2144, 1990 WL 109230, at *1 (6th Cir. Aug. 2, 1990). Nor does Plaintiff allege that he suffered physical harm from being placed on the food loaf restriction. Therefore, Plaintiff fails to state an Eighth Amendment claim.

Plaintiff also cannot state a due process claim arising from the placement on food loaf, even though he was not given a misconduct ticket. Plaintiff enjoys no constitutional or state-created right to be free from a temporary diet of food loaf. The Supreme Court has held that state created liberty interests "will generally be limited to freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Connor*, 515 U.S. 472, 483 (1995); *see also Rimmer-Bey v. Brown*, 62 F.3d 789-790-91 (6th Cir. 1995). The Sixth Circuit has found a due process claim based upon being fed food loaf is

no longer viable in light of *Sandin*. *Griffis v. Gundy*, 47 Fed. Appx. 327, 328 (6th Cir. 2002). Plaintiff, therefore, fails to state a claim for violation of his due process rights.

## **Conclusion**

Having conducted the review now required by the Prison Litigation Reform Act, the court determines that Plaintiff's action fails to state a claim and will therefore be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A(b); 42 U.S.C. § 1997e(c).

The court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the court dismisses the action, the court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the court will assess the $255 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $255 appellate filing fee in one lump sum.

This dismissal counts as a strike for purposes of 28 U.S.C. § 1915(g).

A judgment consistent with this opinion will be entered.

Dated: *February 17, 2006*           /s/ *R. Allan Edgar*
                                                      R. ALLAN EDGAR
                                                      UNITED STATES DISTRICT JUDGE